SONAL N. MEHTA (SBN: 222086)
sonal.mehta@wilmerhale.com
KEVIN J. O'BRIEN (SBN 278823)
kevin.o'brien@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA 94304
Tel: 650 858 6000
Fax: 650 858 6100

MATTHEW BENEDETTO (SBN: 252379)
matthew.benedetto@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
350 South Grand Avenue, Suite 2100
Los Angeles, CA 90071
Tel: (213) 443-5300
Fax: (213) 443-5400

ARI HOLTZBLATT (*pro hac vice pending*)
ari.holtzblatt@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
Tel: (202) 663-6000
Fax (202) 663-6363

Attorneys for Defendants
FACEBOOK, INC. and INSTAGRAM, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| STACKLA, INC., a Delaware Corporation, STACKLA, LTD., an English Limited Company, and STACKLA, PTY, an Australian Proprietary Limited Company<br><br>Plaintiffs,<br><br>FACEBOOK, INC.. a Delaware Corporation, INSTAGRAM, LLC, a Delaware Limited Liability Company, and DOES 1-20<br><br>Defendants. | Case No. 4:19-CV-5849-PJH<br><br>**DECLARATION OF WILLIAM FUSZ IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' *EX PARTE* MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION**<br><br>Date:    September 25, 2019<br>Time:   9:00 am<br>Place:   Courtroom 3, 3rd Floor |

- 1 -
DECLARATION OF WILLIAM FUSZ IN SUPPORT OF DEFENDANTS' OPP TO *EX PARTE* MOTION
FOR TRO AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION

I, William Fusz, declare:

1. I am Head of Global Developer Operations at Facebook. I submit this declaration based on personal knowledge following a reasonable investigation. If called upon as a witness, I could competently testify to the truth of each statement herein.

2. The Facebook platform is a set of services, tools, and products provided by Facebook for third-party developers to create their own applications and services that integrate with Facebook and, when authorized by users, obtain access to certain data on Facebook and/or Instagram. Developers interface with Facebook and Instagram through the Graph Application Program Interface ("API"). It is an HTTP-based API that allows apps to programmatically query data, post new stories, manage ads, upload photos, and perform a wide variety of other tasks. The Graph API allows developers to get data into and out of the Facebook platform with the use of the developer's own applications.

3. To access the Graph API, a developer must have a Developer Account and must register his or her application using the App Dashboard. Registration creates a unique App ID that Facebook uses to track and distinguish the application from other applications. *See* https://developers.facebook.com/docs/facebook-login/web/. Access to the Developer Account requires login and password credentials. The unique App ID must be included when making any calls to Facebook APIs.

4. Certain third-party applications must go through an application review process. Apps using "advanced" or "extended permissions," which today includes those permissions to access information beyond the basic profile information of name, profile photo, and email address, are subject to app review. For example, an application that has permission to access user content such as Facebook or Instagram posts would need to go through the application review process. As part of the application review process, the third-party developer must describe how the application works and provide a demonstration. Facebook may view screen shots or screen casts from the application or may observe how a test user uses the application.

- 2 -
DECLARATION OF WILLIAM FUSZ IN SUPPORT OF DEFENDANTS' OPP TO *EX PARTE* MOTION FOR TRO AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION

5. The application review process does not include an evaluation of the third-party developer more broadly. Nor does the review process examine whether or how a third-party application or the third-party developer accesses Facebook or Instagram outside the application's use of the Facebook API. The review process also does not check whether the third-party developer or third-party application complies with all Facebook and Instagram policies under all scenarios; the review process is not a general policy compliance evaluation.

6. In my experience, third-party applications sometimes pass through the application review process but then are later found to have violated Facebook or Instagram policies. That may happen because the application changes how it uses information after being approved. Or it may happen because the third-party developer or third-party application takes actions outside the application's use of the Facebook API that, in combination, violate Facebook or Instagram policies. Facebook has a dedicated team that I lead to review developers' ongoing app compliance with our policies and we take action when we discover violations

7. In May 2019, Facebook was informed by a third-party that Stackla was potentially violating Facebook policies, including by misleading its advertising customers about Stackla's capabilities to work around user data restrictions set by Facebook. At the time, my team initiated an investigation of the allegations against Stackla and their app integrations. Based on the information available to us at the time, Facebook was not able to verify that Stackla was in violation of Facebook or Instagram's terms and policies. I understand that Facebook's anti-scraping team continued the investigation into the summer of 2019, and that Mike Clark on that team will be submitting a declaration to the Court on that investigation and its findings.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that this declaration was executed on this 23rd day of September, 2019, in Menlo Park, California.

By: _____