SONAL N. MEHTA (SBN 222086)
sonal.mehta@wilmerhale.com
KEVIN J. O'BRIEN (SBN 278823)
kevin.o'brien@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA 94304
Tel:  650 858 6000
Fax:  650 858 6100

MATTHEW BENEDETTO (SBN 252379)
matthew.benedetto@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
350 South Grand Avenue, Suite 2100
Los Angeles, CA 90071
Tel: (213) 443-5300
Fax: (213) 443-5400

Ari Holtzblatt (*pro hac vice* pending)
ari.holtzblatt@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
Tel: (202) 663-6000
Fax: (202) 663-6363

Attorneys for Defendants
FACEBOOK, INC. and INSTAGRAM, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| STACKLA, INC., a Delaware Corporation, STACKLA, LTD., an English Limited Company, and STACKLA, PTY, an Australian Proprietary Limited Company<br><br>Plaintiffs,<br><br><br>FACEBOOK, INC.. a Delaware Corporation, INSTAGRAM, LLC, a Delaware Limited Liability Company, and DOES 1-20<br><br>Defendants. | Case No.  4:19-CV-5849-PJH<br><br>**[PROPOSED] ORDER DENYING PLAINTIFFS' *EX PARTE* MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION**<br><br>Date:  September 25, 2019<br>Time: 9:00 am<br>Place: Courtroom 3, 3rd Floor |

[PROPOSED] ORDER DENYING PLAINTIFFS' *EX PARTE* MOTION FOR TRO AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION

1    Plaintiffs Stackla, Inc., Stackla Ltd., and Stackla Pty Ltd. (collectively, "Stackla" or

2  "Plaintiffs") allege that Defendants Facebook, Inc. and Instagram, LLC (collectively, "Defendants"),

3  unlawfully revoked Plaintiffs' license to access their platforms.  Pending before the Court is Plaintiffs'

4  *Ex Parte* Application for Temporary Restraining Order and Order to Show Cause why a Preliminary

5  Injunction should issue demanding Defendants allow Stackla access to user data and Defendants'

6  platforms. For the reasons set forth below, Plaintiffs' Application is **DENIED.**

7  **I.     DISCUSSION**

8        **A.     <u>Legal Standard</u>**

9        Stackla seeks a temporary restraining order directing Defendants to immediately allow

10  "Plaintiffs access to their platforms, including the public content therein, access through the API and

11  via Plaintiffs' application, or through other public sources." Plaintiffs' [Proposed] Order (ECF 3-20).

12  In order to obtain a temporary restraining order, Stackla must show that it is likely to prevail on the

13  merits, that it faces irreparable injury, and that the balance of hardships and the public interest favor

14  relief.  *Winter v. Nat. Res. Def. Council, Inc.,* 555 U.S. 7, 20 (2008). "Under federal law, [temporary

15  restraining orders] should be restricted to serving their underlying purpose of preserving the status quo

16  and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny*

17  *Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 439 (1974). An injunction is a matter of equitable

18  discretion and is "an extraordinary remedy that may only be awarded upon a clear showing that the

19  plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22. Mandatory injunctions are "particularly

20  disfavored." *Park Village Apartment Tenants Ass'n v.Mortimer Howard Trust*, 636 F.3d 1150, 1160

21  (9th Cir. 2011).

22  **II.     ANALYSIS**

23        Plaintiffs argue that their motion satisfies the standard for issuing a temporary restraining

24  order.

25        **A.     <u>Whether Stackla Has Demonstrated Irreparable Injury</u>**

26

27                                                 - 1 -

28  [PROPOSED] ORDER DENYING PLAINTIFFS' *EX PARTE* MOTION FOR TRO AND ORDER TO SHOW
                     CAUSE RE PRELIMINARY INJUNCTION

1    Stackla has not shown irreparable injury, as it is required to do to obtain the emergency

2    injunctive relief it seeks.   Stackla alleges that they are utterly dependent on integration with

3    Defendants' platforms; according to Stackla, without this integration, essential revenue streams will

4    be shut-off, threatening Stackla's very existence. Plaintiffs' TRO Mem., D.I. 3 at 9-10 ("Mem.");

5    D.I. 3-10 at ¶¶ 37. Stackla's assertions are speculative, failing to provide any particularized evidence

6    as to the economic harm that it will suffer.  *AboveGem, Inc. v. Organo Gold Management, Limited*,

7    2019 WL 3859012, *4-5 (N.D. Cal., Aug. 16, 2019) (ruling conclusory declaration of executive

8    with no supporting evidence insufficient to show irreparable harm).   Any harms Stackla could

9    conceivably incur are not irreparable.  If Defendants are ultimately adjudged to have breached their

10   contractual obligations to Stackla by revoking Stackla's privilege to use Defendants' platforms,

11   Stackla may seek damages when this case is decided on the merits. *Sampson v. Murray*, 415 U.S.

12   61, 90 (1974) ("The possibility that adequate compensatory or other corrective relief will be

13   available at a later date, in the ordinary course of litigation, weighs heavily against a claim of

14   irreparable harm.").   Further, Stackla was notified of the revocation of their license three weeks ago.

15   Stackla's delay in seeking relief weighs against granting emergency relief now.  *See Go Daddy*

16   *Operating Co., LLC v. Ghaznavi*, 2017 WL 6513418, *2 (N.D. Cal.  Dec.  20, 2017) ("GoDaddy's

17   delay in filing the motion, while not extreme, does tend to negate the possibility of any immediate

18   threat of irreparable harm.").

19          **B.      <u>Whether Stackla Is Likely to Succeed On the Merits</u>**

20                 1.      <u>Tortious Interference</u>

21          Plaintiffs next argue they are likely to succeed on the merits of their tortious interference

22   claim.  Courts have repeatedly and consistently held that acting with a legitimate business purpose

23   is a defense to tortious interference claims.  *See, e.g.*, *Quelimane Co. v. Stewart Title Guar. Co.*, 19

24   Cal. 4th 26, 57 (1998) (recognizing defense to claim for tortious interference with contract); *Citizens*

25   *of Humanity, LLC v. Costco Wholesale Corp.*, 171 Cal. App. 4th 1, 11-12 & n.7 (2009).  There is

26   no dispute that there were multiple agreements between Defendants and Stackla.  Defendants argue

27

28
[PROPOSED] ORDER DENYING PLAINTIFFS' *EX PARTE* MOTION FOR TRO AND ORDER TO SHOW
CAUSE RE PRELIMINARY INJUNCTION

that when Stackla chose to violate multiple provisions of these contracts by using automated means to obtain user data, Defendants acted legitimately to enforce their well-known terms and protect the privacy of their users.  Stackla has not demonstrated that Defendants knew that by enforcing their own policies it would interfere with Stackla's contracts with third-parties.  For the reasons described below, Stackla's claims of unfair competition, breach of contract, or promissory estoppel, are not likely to succeed.  Without these claims, Stackla has failed to show that Defendants engaged in an independent wrongful act, which is required to succeed on a claim for interference with a prospective economic advantage.  *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. App. 4th 1134, 1158-1159 (2003).  As such, Stackla is unlikely to succeed on the merits of its tortious interference claim.

### 2.    Unfair Competition

Next, Stackla claims Defendants violated the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code Section 17200, asserting that "Defendants' decision to deny Stackla access to admittedly 'public' content is unlawful, unfair and fraudulent." Mem. 12. Because Stackla cannot establish a likelihood of prevailing on any of its business tort claims, its unfair competition claim must also fail.  *See Nat'l Rural Telecommunications Co-op. v. DIRECTV, Inc.*, 319 F. Supp. 2d 1059, 1074 (C.D. Cal. 2003), *on reconsideration in part* (June 5, 2003) (UCL claim premised on "unlawful" action cannot stand "independent of any law").  Nor do Stackla's vague and unsupported allegations of unfair conduct suffice.  Defendants have no financial incentive to revoke Stackla's license; rather, they did so as necessary to preserve the integrity of Defendants' platforms. Protecting user privacy and the platforms' reputation is of value to the billions of Facebook and Instagram users around the globe.  Thus, the allegation that Defendants acted in their own interest at Stackla's expense is unlikely to prove sustainable.  Finally, there is no credible suggestion of any fraud by Defendants.  *See, e.g.*, *Watson Labs., Inc. v. Rhone-Poulenc Rorer, Inc.*, 178 F. Supp. 2d 1099, 1121 (C.D. Cal. 2001) ("[I]t is necessary under the 'fraudulent' prong [of the UCL] to show deception to some members of the public, or harm to the public interest, and not merely to the direct

- 3 -

1    competitor or other non-consumer party to a contract."). Stackla has failed to demonstrate a

2    likelihood of success on its unfair competition claim.

3                   3.     Breach of Contract and Breach of Implied Covenants

4           Stackla alleges that Defendants have committed a breach of contract by terminating

5    Stackla's access to Defendants' platforms allegedly in violation of the Master Subscription

6    Agreement ("MSA") they had executed with Stackla as a vendor, providing "Software-as-a-

7    Service" products. The MSA does not state that Defendants must continually provide Stackla with

8    unfettered access to their platforms. Instead, Section 14 of the MSA expressly conditions any access

9    on Stackla's compliance with "Facebook's policies, standards, and guidelines." Eisenberger Decl.

10   ¶¶ 3-4 & Ex. A. Defendants cannot have breached an agreement by exercising a right explicitly set

11   forth in the agreement. In addition, since Stackla is seeking equitable relief, it must demonstrate

12   that its hands are clean. *See, e.g., Fibreboard Paper Products. Corp. v. East Bay Union of*

13   *Machinists, Local 1304, United Steelworkders of America, AFL-CIO*, 227 Cal. App. 2d 675, 727

14   (1964) ("one who violates his contract cannot have recourse to equity to support that violation.").

15   Because Defendants have shown that Stackla disregarded Defendants' terms and policies, Stackla

16   does not satisfy the clean hands requirement. Accordingly, Stackla has not demonstrated a

17   likelihood of success on Stackla's breach of contract claim.

18          Stackla alleges the same facts for its claim for breach of the implied covenant of good faith

19   and fair dealing as it does for its breach of contract claim. *Hougue v. City of Holtville*, 2008 WL

20   1925249, at *4 (S.D. Cal. Apr. 30, 2008) ("A breach of implied covenant of good faith and fair

21   dealing involves something beyond breach of the contractual duty itself"). The covenant of good

22   faith cannot prohibit a defendant from doing that which it is expressly permitted to do by agreement.

23   *See Carma Developers, Inc. v. Marathon Dev. California*, Inc., 2 Cal. 4th 342, 374 (1992). The

24   Court finds that Defendants acted to protect the integrity of their platforms, and to serve the best

25   interests of their users. Therefore, Stackla has not demonstrated a likelihood of success on its claim

26   for breach of the covenant of good faith and fair dealing.

27

- 4 -

28   [PROPOSED] ORDER DENYING PLAINTIFFS' *EX PARTE* MOTION FOR TRO AND ORDER TO SHOW
     CAUSE RE PRELIMINARY INJUNCTION

4.     Promissory Estoppel

Finally, Stackla's promissory estoppel claim is unlikely to succeed because there is an express contract that governs the same subject matter. *See Horne v. Harley-Davidson, Inc.*, 660 F. Supp. 2d 1152, 1163 (C.D. Cal. 2009).  Defendants have valid contracts with Stackla, which explicitly provide that Stackla will comply with Defendants' policies, including the policy against automated data collection.  For this reason, Plaintiffs have not established a likelihood of success on the promissory estoppel claim.

5.     Preliminary Declaratory Judgment

Stackla requests a declaratory judgment that Stackla did not and will not violate federal or California laws that prohibit unauthorized access to computer systems by continuing to access Defendant's platforms.  This relief is inappropriate for several reasons.  First, this Court has discretion under Federal Rule of Civil Procedure 65 to issue temporary restraining orders and preliminary injunctions, but it is not authorized to issue temporary declarations. *See Cuviello v. City of Stockton*, 2008 WL 4283260, at *3 (E.D. Cal. Sept. 16, 2008).  Further, there is no live controversary between the parties regarding this issue.  Neither party has indicated that Stackla accessed Defendants' platforms after the August 30, 2019 cease-and-desist letter that informed Stackla that it may not access Defendants' platforms.  For these reasons, Stackla has not sufficiently demonstrated that it is likely to succeed on its preliminary declaratory judgment claim.

C.     **Balance of Hardship and the Public Interest**

The injunctive relief Stackla seeks would seriously harm Defendants, as well as the public interest.  Defendants have a fundamental interest in ensuring the protection of the user experience and are committed to keeping their platforms a safe place for users to interact and share information. Compelling Defendants to allow access to entities like Stackla, who violate Defendants' terms and services designed specifically to protect Defendants' users and the privacy of their data, would tarnish Defendants' good will.  There is also a clear public "interest in ensuring that computers are

- 5 -

1    not accessed without authorization." *Facebook, Inc. v. Power Ventures, Inc.*, 252 F. Supp. 3d 765,

2    785 (N.D. Cal. 2017), aff'd, 749 F. App'x 557 (9th Cir. 2019).

3         Finally, the requested relief would be improper because it would be unfair for the Court to,

4    in effect, make a final adjudication of the merits at this early stage, particularly where the relief

5    sought is mandatory in nature and would alter, rather than preserve, the status quo.

6    **III.    CONCLUSION**

7         For the foregoing reasons, Plaintiffs' motion for a temporary restraining order is **DENIED**.

8         **IT IS SO ORDERED**.

9

10   Dated:                        , 2019

11

12                                               _____

13                                               The Honorable Phyllis J. Hamilton
                                                 United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 6 -

[PROPOSED] ORDER DENYING PLAINTIFFS' *EX PARTE* MOTION FOR TRO AND ORDER TO SHOW
CAUSE RE PRELIMINARY INJUNCTION