SONAL N. MEHTA (SBN 222086)
sonal.mehta@wilmerhale.com
KEVIN J. O'BRIEN (SBN 278823)
kevin.o'brien@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA 94304
Tel:  650 858 6000
Fax:  650 858 6100

MATTHEW BENEDETTO (SBN 252379)
matthew.benedetto@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
350 South Grand Avenue, Suite 2100
Los Angeles, CA 90071
Tel: (213) 443-5300
Fax: (213) 443-5400

ARI HOLTZBLATT (*pro hac vice* pending)
ari.holtzblatt@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
Tel: (202) 663-6000
Fax  (202) 663-6363

Attorneys for Defendants
FACEBOOK, INC. and INSTAGRAM, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| STACKLA, INC., a Delaware Corporation, STACKLA, LTD., an English Limited Company, and STACKLA, PTY, an Australian Proprietary Limited Company<br><br>Plaintiffs,<br><br>FACEBOOK, INC.. a Delaware Corporation, INSTAGRAM, LLC, a Delaware Limited Liability Company, and DOES 1-20<br><br>Defendants. | Case No.  4:19-CV-5849-PJH<br><br>**DEFENDANTS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL CONFIDENTIAL INFORMATION IN DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>Date:   September 25, 2019<br>Time:  9:00 am<br>Place:  Courtroom 3, 3rd Floor |

Pursuant to Civil Local Rules 7-11 and 79-5, Defendants Facebook, Inc. and Instagram, LLC ("Defendants"), respectfully submit this Administrative Motion (the "Motion") to file certain portions of Defendants' Opposition to Plaintiffs' Motion for Temporary Restraining Order (the "Opposition") and supporting Declarations under seal on the grounds that these (i) are confidential business agreements signed by the parties to the above-captioned action or (ii) discuss Facebook's internal mechanisms for finding and investigating unauthorized use of its platforms. This Motion is based on the points and authorities herein, and on the accompanying Declaration of Natalie Naugle in Support of Defendants' Administrative Motion to Seal Confidential Information in Defendants' Opposition to Plaintiffs' Motion for Temporary Restraining Order ("Naugle Decl.").

Defendants seek to seal the following:

a. The Master Subscription Agreement, dated June 1, 2018, signed by the parties to this action

b. Statement of Work, dated July 19, 2018, signed by the parties to this action; and

c. The following portions of Mike Clark's declaration (the "Clark Declaration"), which is being submitted in support of Defendants' Opposition, that discuss Facebook's internal mechanisms for finding and investigating unauthorized use of their software and platforms.

   i. Paragraph 6, lines 13-17;
   ii. Paragraph 7, lines 19-21;
   iii. Paragraph 8 lines 25-36; Paragraph 8 lines 1-4; and
   iv. Paragraph 12 lines 20-21

Local Rule 79-5 provides that documents may be sealed if a party "establishes that the documents, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law". L.R. 79-5(b).  Though there is a "strong presumption in favor of access," a movant may overcome this presumption by submitting a narrowly tailored request and articulating "compelling reasons" in favor of sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092,

1099 (9th Cir. 2016). "'[C]ompelling reasons may exist if sealing is required to prevent judicial documents from being used 'as sources of business information that might harm a litigant's competitive standing.'". *Fujitsu Ltd. v. Belkin Int'l, Inc.*, No. 10-cv-3972, 2012 WL 6019754, at *2 (N.D. Cal. Dec. 3, 2012) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).

The information that Defendants seek to seal meets the "compelling reasons" standard. Disclosure of the information contained within Defendants' proposed redactions would threaten competitive harm to Defendants, including by providing Defendants' competitors with information that would provide them with a competitive advantage against Facebook and Instagram, as detailed in the accompanying Declaration of Natalie Naugle ¶ 3.

Competitive harm would be threatened in two ways. ***First***, the Master Services Agreement and Statement of Work signed by the parties to the above-captioned action are confidential business agreements between Facebook and Stackla, its vendor, and include confidential terms such as pricing, scope of technical work, and descriptions of proprietary products and services. If these confidential business agreements were publicly disclosed, Facebook's competitors would gain insight into its (and Stackla's) business model and strategy. Such insight would harm the parties in future negotiations with existing customers, third parties, and other entities with whom they do business. *See Ojmar US, LLC v. Sec. People, Inc.*, No. 16-CV-04948-HSG, 2017 WL 7726713, at *1 (N.D. Cal. Nov. 29, 2017) (relaying on *In re Qualcomm Litig.*, No. 3:17-CV-0108-GPC-MDD, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (finding that "license agreements, financial terms, details of confidential licensing negotiations, and business strategies" containing "confidential business information" satisfied the "compelling reasons" standard in part because sealing that information "prevent[ed] competitors from gaining insight into the parties' business model and strategy")).

***Second***, portions of the Clark Declaration discuss Facebook's internal mechanisms for finding and investigating unauthorized use of their software and platforms. This information is not available to the public, and public disclosure of such information would harm Facebook's

competitive standing by releasing such information to its competitors in the social media market. *See In re Qualcomm Litig.*, No. 3:17-CV-0108-GPC-MDD, 2017 WL 5176922, at *2.  It may also threaten the integrity of future investigations conducted by Defendants into alleged unauthorized access to their platforms by entities that would now have access to Facebook's strategy in conducting those investigations.

Defendants' request is narrowly tailored. Defendants have requested only that certain agreements between the parties and certain portions of the Clark Declaration be filed under seal. Defendants do not seek to file the entire Opposition and supporting declarations under seal. Defendants intend to file public versions of most of these documents, redacting only those narrow passages containing confidential information.  Defendants' proposed redactions are highlighted in the documents filed provisionally under seal.

Pursuant to Local Rule 79-5(e), if a party seeks to file under seal a document that has been designated confidential by another party, the submitting party's declaration in support of the administrative motion to file under seal must identify the document or portions thereof which contain the designated confidential material and identify the party that has designated the material as confidential.  The designating party must file a declaration as required by Local Rule 79-5(d)(1)(A) establishing that all of the designated material is sealable within four days of the filing of the administrative motion to file under seal.  If the designating party does not file its responsive declaration as required by Local Rule 79-5(d), the document or proposed filing will be made part of the public record.

In addition to the Master Subscription Agreement, Statement of Work, and portions of the Clark Declaration that Defendants seek to seal, Defendants' Opposition and declarations quote from, or make reference to, documents designated as "Confidential" by Plaintiffs.  These include:

a) A Letter from Jeff Tsai to Ariel B. Glickman, dated September 3, 2019;

b) A Letter from Jeffrey Tsai to Ariel B. Glickman, dated September 9, 2019;

c) A Letter from Jeffrey Tsai to Ariel B. Glickman, dated September 13, 2019. The original Letter included as an attachment Stackla's Platform Overview. The original attachment has been omitted.

Defendants take no position on whether Plaintiffs' documents should be sealed, but have included these documents in their administrative motion pursuant to Local Rule 79-5(e).

For the reasons set forth above, the Court should grant Defendants' administrative motion to file under seal the Master Subscription Agreement, Statement of Work, and the identified portions of the Clark Declaration.

Dated: September 23, 2019

WILMER CUTLER PICKERING HALE AND DORR LLP

By: */s/ Sonal N. Mehta*
Sonal N. Mehta
Matthew Benedetto
Ari Holtzblatt
Kevin O'Brien

*Attorneys for Defendants*
*Facebook, Inc. and Instagram, LLC*