JEFFREY E. TSAI (SBN 226081)
jeff.tsai@dlapiper.com
ISABELLE L. ORD (SBN 198224)
isabelle.ord@dlapiper.com
DAVID F. GROSS (SBN 083547)
david.gross@dlapiper.com
ANTHONY L. PORTELLI (SBN 280766)
anthony.portelli@dlapiper.com
DLA PIPER LLP (US)
555 Mission Street, Suite 2400
San Francisco, CA 94105
Tel:  415.836.2500
Fax:  415.836.2501

Attorneys for Plaintiffs
STACKLA, INC., STACKLA, LTD., and STACKLA, PTY

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| STACKLA, INC., a Delaware Corporation, STACKLA, LTD., an English Limited Company, and STACKLA, PTY, an Australian Proprietary Limited Company<br><br>Plaintiffs,<br><br>v.<br><br>FACEBOOK, INC., a Delaware Corporation, INSTAGRAM, LLC, a Delaware Limited Liability Company, and DOES 1-20<br><br>Defendants. | Case No.  4:19-CV-5849-PJH<br><br>**PLAINTIFFS' EVIDENTIARY OBJECTIONS TO THE DECLARATIONS OF (1) SONAL MEHTA; (2) NATALIE NAUGLE; (3) GURBINDER GHOTRA; (4) WILLIAM FUSZ; (5) HERSHEL EISENBERGER; AND (6) MIKE CLARK IN RESPONSE TO DEFENDANTS' OPPOSITION TO *EX PARTE* MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION**<br><br>Date:       September 25, 2019<br>Time:      9:00 am<br>Place:      Courtroom 3, 3rd Floor |

WEST\287820281.1

OBJECTIONS TO DECLARATIONS SUBMITTED IN RESPONSE TO PLAINTIFFS' *EX PARTE* MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION

Plaintiffs Stackla, Inc., Stackla, Ltd., And Stackla Pty Ltd. (collectively, "Stackla") object to and move to strike the declarations of (1) Sonal Mehta; (2) Natalie Naugle; (3) Gurbinder Ghotra; (4) William Fusz; (5) Hershel Eisenberger; and (6) Mike Clark submitted by Defendants Facebook, Inc. and Instagram, LLC (the "Defendants") with their Opposition to Plaintiffs' *Ex Parte* Motion for Temporary Restraining Order and Order to Show Cause Regarding Preliminary Injunction. According to Northern District of California Civil Local Rule 7-5, "[a]n affidavit or declaration may contain only facts, must conform as much as possible to the requirements of Fed. R. Civ. P. ("FRCP") 56(e), and must avoid conclusions and argument . . .. An affidavit or declaration not in compliance with this rule *may be stricken in whole or in part."* (Emphasis added.)  FRCP 56(e) requires that affidavits shall be made on personal knowledge, set forth facts that would be admissible in evidence, and show that the affiant is competent to testify to the matters attested to.  In that regard, Federal Rule of Evidence ("FRE") 602 requires a witness to have personal knowledge of his or her testimony, and FRE 701 requires testimony to be "rationally based on the witness's perception." FRE 901 also disallows reference to a document not properly authenticated.  The declarations submitted by Defendants with the Opposition violate these rules and should be stricken in their entirety.  Plaintiffs respectfully move this Court for an order striking the declarations and their content and exhibits as set forth herein pursuant to Local Rule 7-5(b).

Plaintiffs offer these evidentiary objections pursuant to Local Rule 7-3 in this format as the Court's briefing order (ECF No.15) does not provide for a reply in which the objections could otherwise be contained.  Furthermore, Plaintiffs' objections for the most part involve entire declarations and full paragraphs of declarations, which are replete with unsubstantiated information, lack personal knowledge or proper evidentiary foundations, and otherwise contain inadmissible hearsay and speculation. As Plaintiffs are objecting to entire declarations and entire paragraphs within declarations, they are not separately repeated in this brief.  Each of the declarations, some of which have been filed under seal, are identified by the docket's "ECF" number, and is incorporated by reference in this brief. To the extent Plaintiffs have objections to specific language that does not include entire paragraphs or declarations, Plaintiffs separately cite

Case 4:19-cv-05849-PJH   Document 32   Filed 09/24/19   Page 3 of 9

1  the objectionable language to which they object in connection with their objections.

## DECLARATION OF SONAL MEHTA ("MEHTA DECLARATION")

Plaintiffs object to the Mehta Declaration (ECF No. 26, refiled ECF No. 31), including Paragraphs 2-10, on the grounds that Ms. Mehta fails to establish personal knowledge of the information in those paragraphs or to lay any evidentiary foundation for her assertions therein.  "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."  Fed. R. Evid. 602, 701; *e.g. Bank Melli Iran v. Pahlavi*, 58 F.3d 1406, 1412–13 (9th Cir.1995) (declaration made by opposing counsel found to be based on information and belief, and therefore insufficient, because there were no facts to establish personal knowledge); *see also Juarez v. Jani–King of Cal., Inc*., No. 09–cv–3495 SC, 2010 WL 3766649, at *2 (N.D. Cal. Sept. 24, 2010) (striking declaration of plaintiffs' attorney as argumentative, conclusory, and not based on personal knowledge in violation of Rule 7–5(b)). Accordingly, Ms. Mehta is unable to authenticate any of the documents attached to the Mehta Declaration. Documentary evidence must be properly authenticated, usually by a declaration by someone with personal knowledge of the document's genuineness and execution, which is entirely absent here. *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc*., 896 F.2d 1542, 1550-1551(9th Cir. 1990); Fed. R. Evid. 901.

The settlement correspondence referenced in Paragraphs 2-8 and attached as Exhibits 1-7 to the Mehta Declaration is between Ariel Glickman of the Perkins Coie law firm and Plaintiffs or their counsel.  Not only are these communications not authored, sent, or received by Ms. Mehta or her law firm, but Ms. Mehta does not state where she obtained this correspondence or that she has any personal knowledge of or ability to authenticate the correspondence.  Further, Exhibits 1-7 are confidential settlement communications that are inadmissible under Federal Rule of Evidence 408, and Stackla objected and objects to their submission to the Court for any purpose.  See Declaration of Isabelle Ord in support ("Ord Declaration") filed herewith, Ex. A.  Similarly, the documents referenced in Paragraphs 9-10 and attached as Exhibits 8-9 to the Mehta Declaration comprise business agreements between Defendants and Stackla.  Again, Ms. Mehta does not state where she obtained these documents or that she has any personal knowledge of the documents or any ability

OBJECTIONS TO DECLARATION OF SONAL MEHTA IN RESPONSE TO PLAINTIFFS' *EX PARTE* MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION

1  to authenticate them.  Absent personal knowledge and an appropriate foundation for the
2  information and documents in the Mehta Declaration, the information is inadmissible.  For each of
3  these reasons, Plaintiffs respectfully request that the Court strike the Mehta Declaration and all
4  exhibits thereto in its entirety, including Paragraphs 2-10 and Exhibits 1-9.

### DECLARATION OF NATALIE NAUGLE ("NAUGLE DECLARATION")

6  Plaintiffs object to the Naugle Declaration, (ECF No. 25-2, refiled ECF No. 30-1)
7  including Paragraphs 2-5 on the grounds that Ms. Naugle fails to establish personal knowledge of
8  the information in those paragraphs or to lay any evidentiary foundation for her assertions therein.
9  "A witness may testify to a matter only if evidence is introduced sufficient to support a finding
10 that the witness has personal knowledge of the matter."  Fed. R. Evid. 602, 701; *e.g. Bank Melli*
11 *Iran*, 58 F.3d at 1412–13 (declaration made by opposing counsel found to be based on information
12 and belief, and therefore insufficient, because there were no facts to establish personal
13 knowledge); see also *Juarez* , No. 09–cv–3495 SC, 2010 WL 3766649, at *2 (N.D. Cal. Sept. 24,
14 2010) (striking declaration of plaintiffs' attorney as argumentative, conclusory, and not based on
15 personal knowledge in violation of Rule 7–5(b)).  Rather, Paragraphs 2-4 contain argument and
16 purport to refer to information and documents without any evidentiary foundation.  *See e.g. Slade*
17 *v. Baca,* 70 F. App'x 446, 448 (9th Cir. 2003) ("Courts that find declarations insufficient because
18 they are based on information and belief, however, generally do so because such declarations bear
19 no indicia of personal knowledge.")  Paragraph 5 suffers from the same defects of lack of personal
20 knowledge and lack of foundation and Ms. Naugle also purports to offer inadmissible hearsay
21 about a voicemail message left by Shelby Martin for Plaintiffs' counsel and the contents thereof
22 without any showing of personal knowledge whatsoever.  Fed. R. Ev. 802.  Further, as set forth in
23 the Ord Declaration, the statement that Defendants received no response to that voice mail
24 message before filing the Naugle Declaration is false.  *See* Ord Decl., ¶ 2. For each of these
25 reasons, Plaintiffs respectfully request that the Court strike the Naugle Declaration in its entirety,
26 including Paragraphs 2-5.

### DECLARATION OF GURBINDER GHOTRA ("GHOTRA DECLARATION")

28 Plaintiffs object to the Ghotra Declaration (ECF No. 22), including Paragraphs 2-13 on the

1  grounds that Mr. Ghotra fails to establish personal knowledge of the information in those
2  paragraphs or to lay any evidentiary foundation for his assertions therein.  Mr. Ghotra offers no
3  information about his job responsibilities, areas of personal knowledge or experience, role in the
4  Facebook Marketing Partner program, or other information that indicates he has any personal
5  knowledge of the information asserted in  Paragraphs 2-12.  He also fails to give any foundation
6  for his assertion that he has conducted a reasonable investigation or to show that this investigation
7  is sufficient to establish personal knowledge or a foundation for the information in the Ghotra
8  Declaration.  "A witness may testify to a matter only if evidence is introduced sufficient to support
9  a finding that the witness has personal knowledge of the matter."  Fed. R. Evid. 602, 701; *Slade,*
10 70 F. App'x at 448.  These defects also permeate Paragraph 13 of the Ghotra Declaration, although
11 there Mr. Ghotra establishes that he at least knows of Stackla, although Mr. Ghotra fails to give
12 any foundation for his other assertions in Paragraph 13 regarding his own role or that of
13 Defendants more generally.  Mr. Ghotra also fails to authenticate the link to information on
14 Facebook's website at Paragraph 12 and his recitation of such information is inadmissible hearsay
15 and not the best evidence.  Documentary evidence must be properly authenticated, usually by a
16 declaration by someone with personal knowledge of the document's genuineness and execution,
17 which is entirely absent here.  *Hal Roach Studios*, 896 F.2d at 1550-1551.  For each of these
18 reasons, Plaintiffs respectfully request that the Court strike the Ghotra Declaration in its entirety,
19 including Paragraphs 2-13.
20         **DECLARATION OF WILLIAM FUSZ ("FUSZ DECLARATION")**
21     Plaintiffs object to the Fusz Declaration (ECF No. 21), including Paragraphs 2-7, on the
22 grounds that Mr. Fusz fails to establish personal knowledge of the information in those paragraphs
23 or to lay any evidentiary foundation for his assertions therein.  Like Mr. Ghotra, Mr. Fusz offers
24 no information about his job responsibilities, areas of personal knowledge or experience, role in
25 Facebook's operations, or other information that indicates he has any personal knowledge of the
26 information asserted in  Paragraphs 2-7.  In Paragraph 6, in particular, Mr. Fusz fails to give any
27 foundation for his purported experience or knowledge.  He also fails to give any foundation for his
28 assertion that he has conducted a reasonable investigation or to show that this investigation is

sufficient to establish personal knowledge or a foundation for the information in the Fusz Declaration.  "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."  Fed. R. Evid. 602, 701; *Slade*, 70 F. App'x at 448.  Paragraphs 6 and 7 are also inadmissible hearsay and improper speculation for which Mr. Fusz again fails to establish any personal knowledge or foundation.  Fed. R. Evid. 802.  Mr. Fusz concedes these evidentiary defects, by relying on a vague understanding or belief. *Columbia Pictures Indus., Inc. v. Prof'l Real Estate Investors, Inc.*, 944 F.2d 1525, 1529 (9th Cir.1991) (declarant stating "I believe" insufficient when speculating as to motivations behind industry decisions insufficient to show antitrust injury); *Cermetek, Inc. v. Butler Avpak, Inc.*, 573 F.2d 1370, 1377 (9th Cir.1978) (using prefaces such as "I understand" and "I believe" insufficient).  For each of these reasons, Plaintiffs respectfully request that the Court strike the Fusz Declaration in its entirety, including Paragraphs 2-7.

**DECLARATION OF HERSHEL EISENBERGER ("EISENBERGER DECLARATION")**

Plaintiffs object to the Eisenberger Declaration (ECF No. 20), including Paragraphs 2-14, on the grounds that Mr. Eisenberger fails to establish personal knowledge of the information in those paragraphs or to lay any evidentiary foundation for his assertions therein.  Like Mr. Ghotra and Mr. Fusz, Mr. Eisenberg offers no information about his job responsibilities, areas of personal knowledge or experience, role in privacy, or other information that indicates he has any personal knowledge of the information asserted in Paragraphs 2-14.  He also fails to give any foundation for his assertion that he has conducted a reasonable investigation or to show that this investigation is sufficient to establish personal knowledge or a foundation for the information in the Eisenberg Declaration.  "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."  Fed. R. Evid. 602, 701; *Slade*, 70 F. App'x at 448.  Paragraphs 14 is also inadmissible hearsay and improper speculation for which Mr. Eisenberg again fails to establish any personal knowledge or foundation.  Fed. R. Evid. 802. Mr. Eisenberg concedes these evidentiary defects, by relying on a vague understanding or belief. *Columbia Pictures Indus.*, 944 F.2d at 1529 (declarant stating "I believe" insufficient when

speculating as to motivations behind industry decisions insufficient to show antitrust injury); *Cermetek*, 573 F.2d at 1377 (using prefaces such as "I understand" and "I believe" insufficient).

The Eisenberg Declaration states that Mr. Eisenberg is a manager at Facebook and provides absolutely no evidence whatsoever regarding his connections to or knowledge about Instagram, if any.  As a result, all of Mr. Eisenberg's statements about Instagram are without personal knowledge or any evidentiary foundation.  Plaintiffs move to strike the following information from the Eisenberg Declaration on this ground:

Paragraph 2, line 5:  "or Instagram Platform"

Paragraph 2, line 8:  "and Instagram"

Paragraph 2, lines 10-11 "The current Terms of Use for Instagram are available at https://help.instagram.com/581066165581870 and are attached hereto as Exhibit B."  Plaintiffs also move to strike Exhibit B.

Paragraph 3, lines 14-15:  "Instagram's Terms of Use explicitly prohibit all users of Instagram, including third-party app developers . . . ."

Paragraph 4, line 17:  "or Instagram"

Paragraph 4, lines 19-20:  "Instagram's Platform Policy is available at https://www.instagram.com/about/legal/terms/api and attached as Exhibit D.  Plaintiffs also move to strike Exhibit D.

Paragraph 5

Paragraph 7, line 12:  "or Instagram"

Paragraph 14, line 22:  "and Instagram"

Further, Mr. Eisenberg's reliance on such information is inadmissible hearsay and not the best evidence.  Fed. R. Evid. 802.  Documentary evidence must be properly authenticated, usually by a declaration by someone with personal knowledge of the document's genuineness and execution, which is entirely absent here.  *Hal Roach Studios*, 896 F2d at 1550-1551; Fed. R. Evid. 901.  For each of these reasons, Plaintiffs respectfully request that the Court strike the Eisenberg Declaration in its entirety, including Paragraphs 2-14 and all references to Instagram therein.

**DECLARATION OF MIKE CLARK ("CLARK DECLARATION")**

Plaintiffs object to the Clark Declaration (ECF Nos. 25-7, 25-8 (under seal), refiled as ECF Nos. 30-3, 30-4), including Paragraphs 2-12, on the grounds that Mr. Clark fails to establish personal knowledge of the information in those paragraphs or to lay any evidentiary foundation for his assertions therein.  Like Mr. Ghotra, Mr. Fusz, and Mr. Eisenberg, Mr. Clark offers no information about his job responsibilities, areas of personal knowledge or experience, role in as a manager, or other information that indicates he has any personal knowledge of the information asserted in Paragraphs 2-12.  He also fails to give any foundation for his assertion that he has conducted a reasonable investigation or to show that this investigation is sufficient to establish personal knowledge or a foundation for the information in the Clark Declaration.  "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."  Fed. R. Evid. 602, 701; *Slade*, 70 F. App'x at 448.

Paragraph 3 is inadmissible hearsay and improper speculation for which Mr. Clark again fails to establish any personal knowledge or foundation.  Fed. R. Evid. 802.  Mr. Clark concedes these evidentiary defects, by relying on a vague understanding or belief.  *Columbia Pictures Indus.*, 944 F.2d 1525 at (declarant stating "I believe" insufficient when speculating as to motivations behind industry decisions insufficient to show antitrust injury); *Cermetek*, 573 F.2d at 1377 (using prefaces such as "I understand" and "I believe" insufficient).

The Clark Declaration states that Mr. Clark is a manager at Facebook and provides absolutely no evidence whatsoever regarding his connections to or knowledge about Instagram, if any.  As a result, all of Mr. Clark's statements about Instagram are without personal knowledge or any evidentiary foundation.  Plaintiffs move to strike the following information from the Clark Declaration on this ground:

Paragraph 2, line 7:  "and/or Instagram"

Paragraph 2, line 8:  "and Instagram"

Paragraph 5, line 8:  "and Instagram's"

Paragraph 6, line 11:  "and Instagram"

Paragraph 6, line 13:  "from user Instagram posts"

Paragraph 7, lines 23-24: "to access the Instagram terms of service."

Paragraph 8, lines 25-26: "from the Instagram posts"

Paragraph 9, line 5: "As a result of Stackla's scraping of Instagram posts,"

Paragraph 9, line 8: "and Instagram accounts"

Portions of the Clark Declaration Redacted:

Paragraph 6:   All references to Instagram (lines 14-16, 18)

Paragraph 7:   All references to Instagram (lines 20, 21, 23)

Paragraph 8:   All references to Instagram (line 1)

Paragraph 12:  All references to Instagram (line 21).

Further, Mr. Clark's reliance on such information is inadmissible hearsay and not the best evidence.  Fed. R. Evid. 802.  Documentary evidence must be properly authenticated, usually by a declaration by someone with personal knowledge of the document's genuineness and execution, which is entirely absent here.  *Hal Roach Studios*, 896 F.2d at 1550-1551; Fed. R. Evid. 901.  For each of these reasons, Plaintiffs respectfully request that the Court strike the Clark Declaration in its entirety, including Paragraphs 2-12 and all references to Instagram therein.

Dated:  September 24, 2019           DLA PIPER LLP (US)

By: */s/ Isabelle Ord*
    Isabelle L. Ord
    Attorneys for  Plaintiffs
    STACKLA, INC., STACKLA, LTD., and STACKLA, PTY