JEFFREY E. TSAI (SBN 226081)
jeff.tsai@dlapiper.com
ISABELLE L. ORD (SBN 198224)
isabelle.ord@dlapiper.com
DAVID F. GROSS (SBN 083547)
david.gross@dlapiper.com
ANTHONY L. PORTELLI (SBN 280766)
anthony.portelli@dlapiper.com
DLA PIPER LLP (US)
555 Mission Street, Suite 2400
San Francisco, CA 94105
Tel:  415.836.2500
Fax:  415.836.2501

Attorneys for Plaintiffs
STACKLA, INC., STACKLA, LTD., and
STACKLA PTY LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| STACKLA, INC., a Delaware Corporation, STACKLA, LTD., An English Limited Company, and STACKLA PTY LTD., an Australian Proprietary Limited Company,<br><br>Plaintiffs,<br><br>v.<br><br>FACEBOOK, INC., a Delaware Corporation, INSTAGRAM, LLC, a Delaware Limited Liability Company, and DOES 1-50,<br><br>Defendants. | Case No. 19-cv-05849-PJH<br><br>**DECLARATION OF STEVEN BIRCHALL IN SUPPORT OF THE STACKLA PLAINTIFFS'** ***EX PARTE*** **MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE INJUNCTION** |

## DECLARATION OF STEVEN BIRCHALL

I, Steven Birchall, declare as follows:

1. I am the Product Director of Plaintiff Stackla Pty. Ltd. ("Stackla Pty"). Stackla Pty is the parent company and sole owner of Plaintiffs Stackla Ltd. and Stackla, Inc. ("Stackla US"). The three Stackla companies that are plaintiffs in this action are referred to herein collectively as "Stackla." I was promoted to Product Director in October 2017, but have worked in the Product function at Stackla since January 2017 (formerly Technical Product Manager) and have been a Stackla Employee since December 2014. In my current position, I report directly to the Chief Product Officer (CPO). My responsibilities relate to the day to day running of the Product function within Stackla, including Product Project Management, developing and contributing to the Product Roadmap, managing developer allocation to tasks and supporting stakeholders to the Product function. In this capacity, I am familiar with the Stackla platform and how it operates, including the ways in which the Stackla platform operates with the Facebook and Instagram platforms.

2. I have read the redacted Declaration of Mike Clark in support of Defendants Facebook, Inc. ("Facebook") and Instagram, LLC's ("Instagram") (collectively, "Defendants") Opposition to Stackla's *Ex Parte* Motion for Temporary Restraining Order and Order to Show Cause re Injunction ("Clark Decl."). I submit this declaration in response to the Clark declaration, as well as in support of Stackla's Motion. Except where indicated, I have personal knowledge of the following facts and if called as a witness, I could and would testify competently thereto.

### Stackla Does Not Scrape Public or Private Data

3. According to Mr. Clark, Facebook "focused on whether Stackla was 'scraping,'" which he defined as "another name for the unauthorized collection of user data through automated means, whether the data is public or private." Clark Decl., ¶ 5. He additionally stated Stackla "was using automated methods to scrape public images from user Instagram posts." Clark Decl., ¶ 6. Stackla does not "scrape" data, whether public or private. In addition, Stackla has never created nor does it currently use any harvesting bot, spider, robot, or scraper to collect data from Defendants. Instead, Stackla only accesses publicly available data through approved or

publicly available APIs provided by Defendants to identify relevant public content and to display this content to Stackla's clients.

4. Mr. Clark also claims that "the volume of [Stackla's] requests is strong evidence of use of automated methods for scraping." Clark Decl., 7. Although I do not know the "volume of requests" referenced by Defendants due to their redactions, I again confirm that Stackla does not scrape public content. Also, the number of calls or requests from Stackla can be in the high five figures on a daily basis because Stackla had approximately 380 customers on its platform, and these 380 customers had over 1,000 active accounts that queried (or requested) information from Defendants' platforms. Accordingly, with 1,000 active accounts making 10 to 100 requests per day, Stackla's customers can make 10,000 to 100,000 requests per day through Stackla's app.

## Stackla Does Not Save Public Data

5. According to Mr. Clark, Stackla "was storing data from the Instagram posts." Clark Decl., ¶ 8. Stackla does not store or save user data, such as videos or images, nor does Stackla have the server or bandwidth capacity to store such content. Images and Videos always remained on Defendants' Platform and were referenced from the respective Facebook or Instagram CDNs.

6. Stackla stores a reference of the core post data, including URLs to the post, and the media assets in a temporary cache for the purposes of display. This is simply a link to information on Defendants' platforms without content. After Stackla's clients query the public content and identify the public content to which they want to obtain the rights, Stackla utilizes the temporarily-stored data to confirm that the content is still public and to obtain the rights of said public content from the content creator.

## Stackla Has Suspended All Requests

7. On June 27, 2019, my direct supervisor, Stackla Chief Product Officer Peter Cassidy, made a direct request to Sim Singh of the Facebook Marketing Partner team to seek an appropriate contact within Facebook and clarification on a number of items related to Stackla's product, technical questions, and customer use cases. Attached as Exhibit A is a true and correct copy of this communication, on which I was copied at the time it was sent. This request went

product, technical questions, and customer use cases. Attached as Exhibit A is a true and correct copy of this communication, on which I was copied at the time it was sent. This request went unanswered by Defendants.

8. After Stackla's receipt of the August 30, 2019, cease-and-desist letter in California from Facebook, I worked to ensure that Stackla ended all requests or calls to approved or publicly available APIs provided by Defendants by the first available business day. As of the date of this declaration, Stackla has not made calls or requests to Defendants' platforms through the Open Graph API or any other publicly available API.

9. Stackla remains eager to work with Defendants and is willing to discuss Defendants' compliance expectations.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration executed this 25th day of September, 2019, in Sydney, Australia.

_____
STEVEN BIRCHALL