JEFFREY E. TSAI (SBN 226081)
jeff.tsai@dlapiper.com
ISABELLE L. ORD (SBN 198224)
isabelle.ord@dlapiper.com
DAVID F. GROSS (SBN 083547)
david.gross@dlapiper.com
ANTHONY L. PORTELLI (SBN 280766)
anthony.portelli@dlapiper.com
DLA PIPER LLP (US)
555 Mission Street, Suite 2400
San Francisco, CA 94105
Tel: 415.836.2500
Fax: 415.836.2501

Attorneys for Plaintiffs
STACKLA, INC., STACKLA LTD., and
STACKLA PTY LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| STACKLA, INC., a Delaware Corporation, STACKLA LTD., an English limited company, and STACKLA PTY LTD., an Australian Proprietary Limited Company, <br><br> Plaintiffs, <br><br> v. <br><br> FACEBOOK, INC., a Delaware Corporation, INSTAGRAM, LLC, a Delaware Limited Liability Company, and DOES 1-20, <br><br> Defendants. | Case No. 19-cv-5849-PJH <br><br> **PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL CONFIDENTIAL INFORMATION** <br><br> Date:   September 25, 2019 <br> Time:  9:00 am <br> Place:  Courtroom 3 |

1  Pursuant to Local Rules 7-11 and 79-5(d), Plaintiffs Stackla, Inc., Stackla Ltd., and
2  Stackla Pty Ltd. (collectively "Stackla") respectfully submit their Administrative Motion to File
3  Under Seal Confidential Information ("Administrative Motion").

4  Accompanying the Administrative Motion are the following attachments:

5  (1) The declaration of Seann Birkelund establishing that the portions of the document sought
6  to be filed under seal are sealable. This declaration also provides support for the conclusion that
7  the portions identified are sealable.

8  (2) A proposed order that is narrowly tailored to seal only the sealable material, and which
9  lists in table format each document portion that is sought to be sealed.

10  (3) A redacted version of the document that is sought to be filed under seal. The proposed
11  redacted version prominently displays the notation "REDACTED VERSION OF DOCUMENT
12  SOUGHT TO BE SEALED."

13  (4) An unredacted version of the document sought to be filed under seal for delivery to the
14  Court. The unredacted version indicates, by clear method, the portions of the document that have
15  been omitted from the redacted version. It also displays the notation "UNREDACTED VERSION
16  OF DOCUMENT(S) SOUGHT TO BE SEALED." This unredacted version will be filed under
17  seal pursuant to Local Rules 79-5(d)(1)(D) and 79-5(c) before the sealing order is obtained.

18  Stackla seeks to redact the following financial and competitive information from the
19  Declaration of Seann Birkelund in Response to Defendants' Opposition to Plaintiffs' *Ex Parte*
20  Motion for Temporary Restraining Order and Order to Show Cause re Injunction ("Sealed
21  Birkelund Declaration"):

22  • Paragraph 3, lines 18-19;
23  • Paragraph 4, lines 26, 28 and 1;
24  • Paragraph 5, lines 6 and 9;
25  • Paragraph 6, line 16;
26  • Paragraph 7, line 20;
27  • Paragraph 9, lines 7-10
28  • Paragraph 10, lines 15, 16, and 18;

1
- Paragraph 11, line 20;
2
- Paragraph 13, lines 5 and 6;
3
- Paragraph 14, line 16;
4
- Paragraph 15, line 21; and
5
- Exhibit A to the declaration

Local Rule 79-5 provides that documents may be sealed if a party "establishes that the documents, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law." L.R. 79-5(b). Though there is a "strong presumption in favor of access," a movant may overcome this presumption by submitting a narrowly tailored request and articulating "compelling reasons" in favor of sealing. *See Center for Auto Safety v. Chrysler Grp., LLC,* 809 F.3d 1092, 1099 (9th Cir. 2016). "[C]ompelling reasons may exist if sealing is required to prevent judicial documents from being used 'as sources of business information that might harm a litigant's competitive standing.'" *Fujitsu Ltd. v. Belkin Int'l, Inc.,* No. 10-cv-3972, 2012 WL 6019754, at *2 (N.D. Cal. Dec. 3, 2012) (citing *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 598 (1978)).

The information that Stackla seeks to seal meets the "compelling reasons" standard. Disclosure of the information contained within Stackla's proposed redactions and Exhibit A would threaten competitive harm to Stackla, including by providing Stackla's competitors with a competitive-information advantage against Stackla. *See* Declaration of Seann Birkelund Accompanying the Stackla Plaintiffs' Administrative Motion to File Under Seal Confidential Information, ¶ 4; *see also Transperfect Glob., Inc. v. MotionPoint Corp.*, No. C 10-2590 CW, 2014 WL 4950082 (N.D. Cal. Sept. 25, 2014) (granting the parties' motions to seal confidential financial information). Indeed, as a private company, Stackla's financial information is kept strictly private in order to preserve its competitive position. Moreover, competitive harm to Stackla would be threatened through public disclosure because the financial and customer information is not information otherwise available to the public. *See id.*

For the reasons set forth above, the Court should grant Stackla's administrative motion to

//

DLA Piper LLP (US)
San Francisco

2

ADMINISTRATIVE MOTION TO FILE UNDER SEAL CONFIDENTIAL INFORMATION
WEST\287824493.1

1  file under seal identified portions of the Sealed Birkelund Declaration and Exhibit A.

2

3  Dated: September 24, 2019    FOR PLAINTIFFS STACKLA, INC., STACKLA LTD., and STACKLA PTY LTD.

4

5

6  By: /s/ *Isabelle L. Ord*
    Jeffrey E. Tsai
    Isabelle L. Ord
    David F. Gross
    Anthony L. Portelli
    DLA PIPER LLP (US)