REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

JEFFREY E. TSAI (SBN 226081)
jeff.tsai@dlapiper.com
ISABELLE L. ORD (SBN 198224)
isabelle.ord@dlapiper.com
DAVID F. GROSS (SBN 083547)
david.gross@dlapiper.com
ANTHONY L. PORTELLI (SBN 280766)
anthony.portelli@dlapiper.com
DLA PIPER LLP (US)
555 Mission Street, Suite 2400
San Francisco, CA 94105
Tel:  415.836.2500
Fax:  415.836.2501

Attorneys for Plaintiffs
STACKLA, INC., STACKLA, LTD., and
STACKLA PTY LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| STACKLA, INC., a Delaware Corporation, STACKLA, LTD., An English Limited Company, and STACKLA PTY LTD., an Australian Proprietary Limited Company,<br><br>Plaintiffs,<br><br>v.<br><br>FACEBOOK, INC., a Delaware Corporation, INSTAGRAM, LLC, a Delaware Limited Liability Company, and DOES 1-50,<br><br>Defendants. | Case No. 19-cv-05849-PJH<br><br>**DECLARATION OF SEANN BIRKELUND IN RESPONSE TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' *EX PARTE* MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE INJUNCTION** |

REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

### DECLARATION OF SEANN BIRKELUND

I, Seann Birkelund, declare as follows:

1.  I am the Chief Financial Officer and Chief Operating Officer of Stackla. I've led Stackla's finance and operations for the last three years, building on a twenty year career as a corporate finance and strategy executive for growth-stage, venture-backed technology companies. As Stackla's CFO, I am familiar with Stackla's finances, its operating expenses and revenues, and its current balance sheet. I have also been deeply involved in Stackla's preparation for an initial public offering, a process that is intrinsically tied up with Stackla's financial viability, projected growth, and revenue. This declaration supplements the declaration of Damien Mahoney submitted in support of Stackla's *Ex Parte* Motion for a TRO and OSC re Preliminary Injunction (the "Motion"). I have personal knowledge of the following information and if called upon as a witness could and would testify competently thereto.

2.  I have reviewed the opposition of Defendants Facebook, Inc. ("Facebook") and Instagram, LLC ("Instagram") (collectively, "Defendants") to the Motion, including all the papers supporting that opposition (the "Opposition"). I also submit this declaration in response to the Opposition.

**Stackla is on the Verge of Insolvency**

3.  As of the date of the filing of the Motion, ███████████████████████ ███████████████████ As CFO of Stackla, I review and know Stackla's financial condition, including its cash on hand, expenses, and balance sheet, on a daily basis. I caused to be prepared a snapshot of Stackla's cash position as of September 22, 2019, which I have reviewed and affirm is accurate based on my role as Chief Financial Officer. Attached hereto as Exhibit A is a true and correct copy of this Stackla cash position as of September 22, 2019. This is a confidential document to be filed under seal.

4.  After accounting for current employee liabilities, tax obligations, accounts payable, and known customer notifications of cancellations, Stackla has a total of ███████ available to fund operations and to make refunds for future customer cancellations. Stackla averages ███████ in operating expenses per month. The potential maximum obligation for

1  future customer cancellations is ▓▓▓▓ With the cash available to meet new additional

2  cancellations, Stackla could fund either ▓▓ of an average month's operating expenses or ▓▓ of

3  that maximum obligation.

4      5.    Since August 30, 2019 when Stackla lost access to Facebook and Instagram's

5  platforms, twelve customers have given official notice of cancellation and demanded their money

6  back, which deprives Stackla of approximately ▓▓▓▓ in contract value. Numerous other

7  customers have complained about the lack of access to Facebook and Instagram and are also

8  expected to cancel their contracts within the next few weeks. This is not speculation as these

9  customers, including ▓▓▓▓ have directly told me that they will cancel their contract

10 with Stackla and demand a refund for pre-paid services if we are unable to restore access to

11 Facebook and Instagram. The cancellations and demands for refunds will drain Stackla of cash at

12 the same time that Stackla's revenue is diminishing by the day as Stackla is unable to on-board

13 new customers.

14     6.    Stackla also has approximately thirteen new customers whose platforms cannot be

15 activated without access to Facebook and Instagram. These customers either will not pay or will

16 demand a refund for a total of ▓▓▓▓ in fees due to Stackla because Stackla is in material

17 breach of its agreements with these customers to provide a Stackla platform that includes

18 Facebook and Instagram. This loss of new customer revenue is highly detrimental to Stackla's

19 financial condition.

20     7.    As of September 23, 2019, Stackla has ▓▓▓▓ in deals with twelve

21 prospective customers at the final stages of the sales process, ready to close. Stackla cannot close

22 this new business unless it can provide the promised Stackla platform, including access to

23 Facebook and Instagram, and all of this new business and revenue will be lost if access is not

24 restored.

25     8.    Stackla is also unable to continue to sell software licenses to renewing customers

26 and other new customers because Stackla cannot deliver the promised Stackla platform, which

27 includes access to Facebook and Instagram. The inability to on-board new customers or to renew

28 existing customers is also highly detrimental to Stackla's financial condition because no new

1  revenue is coming in.

2  Defendants' revocation of access to Facebook and Instagram also eliminated Stackla's ability to

3  attract new business. Stackla cannot close new business without access to Facebook and

4  Instagram content through its platform.

5      9.    When Stackla is unable to cure under its agreements with the existing customers

6  within 30 days and they stop paying and seek refunds, Stackla will be entirely starved of revenue.

7  If Stackla is not restored to access on Facebook and Instagram, ▇▇▇▇▇▇▇▇▇▇

8  ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

9  ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

10  ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

11  **Stackla's Losses Since Facebook's August 30, 2019 Termination of Access**

12      10.    Contrary to Facebook's contention that Stackla "has not identified a single

13  customer, business opportunity, or dollar lost," Opp. p. 2, since losing access to Facebook and

14  Instagram content on August 30, 2019 and without reinstatement of that access, Stackla has

15  verifiable lost business totaling ▇▇▇▇▇▇ in contract value:

16      (a)    ▇▇▇▇▇▇ in lost contract value from twelve customers that sent Stackla

17      official notice of cancellation; and

18      (b)    ▇▇▇▇▇▇ is lost contract value from new twelve customer accounts that

19      cannot be activated.

20      11.    To date, Stackla has lost a total of ▇▇▇▇▇▇ which is a substantial sum for a

21  company of Stackla's size and puts its continued operations at imminent risk.

22  **Stackla is Losing its IPO**

23      12.    Stackla has taken many concrete steps toward an IPO. In December 2018, Stackla

24  engaged an investment bank to prepare for its initial public offering on the Australian stock

25  exchange in early 2020. I participated in the selection and engagement of our investment bank

26  and have worked closely with the investment bank to prepare Stackla for its IPO over the last nine

27  months. Among the work we have undertaken in preparation for Stackla's IPO, we have deeply

28  analyzed the factors that support Stackla's valuation.

13.     In my experience as a finance executive, tech investor, and in preparation for Stackla's IPO with our investment bank, valuation is highly dependent on growth and profitability, which are necessary for an IPO and related fundraising from investors.  Due to the conduct of Defendants, Stackla's revenue, growth, and profitability prospects have been greatly diminished, and if access is not restored to Defendants' platforms in the next few days, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇  For all of these reasons, Stackla's IPO is suspended and in jeopardy.

**Monetary Damages Are Inadequate Because They Will Come Too Late and Will Not Keep Stackla Afloat**

14.     Stackla is progressing toward and almost at the point of no return.  Customer cancellations and demands for refunds will accelerate the longer Stackla is unable to access Facebook and Instagram.  Stackla has had two important employees resign since access to Facebook and Instagram content was rescinded and additional employees will seek alternative employment if Stackla is not able to access to Facebook and Instagram.  And, new prospective customers will not sign contracts with Stackla if they cannot have access to the promised Stackla platform, including Facebook and Instagram.  If access is not restored immediately, Stackla will ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

15.     Although "Facebook is good for the money," Opp. p. 10,  monetary damages are inadequate because Defendants are literally causing Stackla's extinction.  In four days, when Stackla's cure period ends under the 30 days' notice period with its customers, if Stackla still does not have access to the Facebook and Instagram platforms, Stackla will lose its customers and revenue, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇  Any monetary damages received after Stackla has already been destroyed will are no remedy at all because Stackla will not exist to receive compensation.

16.     The specific financial and customer information in this declaration and attached hereto as Exhibit A is highly sensitive and confidential.  The proposed redactions, set forth herein, are as limited as possible.  This information is provided only to demonstrate to the Court that Stackla's situation is dire and the losses of customers and revenue are real.  On behalf of Stackla, I affirm that this information should not be disclosed in the public record and ask the

REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

Court to seal and keep confidential the limited redactions in this document and to seal and keep confidential Exhibit A as disclosure would be harmful to Stackla's business and will give its competitors an advantage in trying to poach Stackla's customers or in replicating its business model.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration executed this 24th day of September, 2019, in San Francisco, California.

SEANN BIRKELUND

DLA Piper LLP (US)
San Francisco

WEST\287819009.3

5

DECLARATION OF SEANN BIRKELUND